**RECEIVED**

JUL 2 1 2005

ROBERT N. CROMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE - OPELOUSAS DIVISION

L-O

| | | |
|---|---|---|
| SANDRA CURLEY and MARK CURLEY | * | CV05-1304 |
| PLAINTIFFS | * | CASE NO. |
| | * | |
| VS. | * | SECTION " " |
| | * | JUDGE DOHERTY |
| BANK ONE | * | MAGISTRATE JUDGE HILL |
| DEFENDANT | * | JURY TRIAL REQUESTED |

* * * * * * * * * * * * * * * * * * * * * * * * * *

**COMPLAINT**

NOW INTO COURT, through undersigned counsel, come plaintiffs, Sandra Curley ("Mrs. Curley") and Mark Curley ("Mr. Curley"), who file this their Complaint and respectfully aver:

JURISDICTION AND VENUE

I.

Jurisdiction is conferred on this Court by 15 U. S. C. §1691e and 28 U. S. C.§§ 1331, 1343, 1367.

1

II.

Venue is proper in this District as the claim arose in Lafayette, Louisiana.

PARTIES

III.

Mrs. Curley is an African American female.

IV.

Mr. Curley is an African American male.

V.

Made defendant herein is Bank One, upon information and belief, a foreign corporation authorized to do, and doing, business in the state of Louisiana.

VI..

Mr. and Mrs. Curley (the "Curleys") are the sole owners of a business named Supreme Company Wholesaler of Books ("Supreme Company").

VII.

In September 2002, the Curley's submitted a $300,000.00 loan application to defendant's Broadmoor Branch, located in Lafayette, Louisiana.

VIII.

Defendant's employees, Valencia Goodly and Cindy Pullin, received the loan application

2

from the Curleys.

IX.

When the Curleys submitted the September 2002 loan application, it listed assets that included, but were not limited to, real estate valued at more than $600,000.00.

X.

Ms. Pullin informed the Curleys that, based on the assets listed on the loan application, they could probably get the requested loan.

XI.

Also submitted in support of the September 2002 loan application were contracts and purchase orders associated with the operation of the Supreme Company.

XII.

Defendant did not inform the Curleys as to the status of their September 2002 loan application.

XIII.

Eventually, Mr. Curley contacted Ms. Pullin to determine the status of the loan application.

XIV.

Ms. Pullin verbally informed Mrs. Curley that the September 2002 loan application had been denied.

XV.

Defendant did not, within thirty days of the September 2002 loan application, give the Curleys written notice of denial of the 2002 loan application, nor a written statement of reasons for the denial, nor a written statement that the Curleys had a right to a written statement of the reasons for denial.

XVI.

Ms. Pullin told Mrs. Curley to reapply in six months.

XVII.

In February 2003, the Curley's reapplied for a loan from defendant. Cindy Pullin and Valencia Goodly were defendant's employee's that received and processed the February 2003 application.

XVIII.

When the Curleys submitted the February 2003 loan application, it listed assets that included, but were not limited to, real estate valued at more than $600,000.00.

XIX.

Prior to submitting the February 2003 application, the Curley's had received financial consulting services provided by Tom Austin with the Louisiana Economic Development Corporation ("LEDC").

XX.

Mr. Austin informed the Curleys that because of a contract Supreme Company had with GSA, they had first access to a loan. Furthermore, Mr. Austin stated that LEDC would guarantee the loan once the application was processed by Bank One and submitted to LEDC. He said LEDC was willing to customize a loan guarantee for the Curleys.

XXI.

When Ms. Pullin received the February 2003 application, she said Bank One had previously provided a similar loan for another company in Lafayette. Upon information and belief, that other company was not owned by minorities.

XXII.

When she received the February 2003 application, Ms. Pullin made comments that indicated she didn't believe an African American could start a company like Supreme Company and that she wasn't interested in Bank One providing the requested loan.

XXIII.

For more than three weeks, Bank One failed to notify the Curleys about the status of their February 2003 application. Finally, Mrs. Curley called Bank One to inquire about the status.

XXIV.

She spoke to Ms. Goodly who informed her that Ms. Pullin had told Ms. Goodly that the loan had been denied. Defendant did not, within thirty days of the February 2003 loan

5

application, give the Curleys written notice of denial of the 2003 loan application, nor a written statement of reasons for the denial, nor a written statement that the Curleys had a right to a written statement of the reasons for denial.

XXV.

Upon information and belief, Bank One did not submit the February 2003 loan application to LEDC.

XXVI.

In April 2003, Mr. Curley met with a representative of the Lafayette Economic Development Authority ("LEDA") for the purpose of gaining assistance in securing a loan.

XXVII.

The LEDA referred Mr. Curley to Mr. Glenn Richard at Bank One. Mr. Richard referred Mr. Curley to Mr. Thornton at the University of Louisiana, Lafayette ("ULL") Small Business Development Center ("SBDC").

XXVIII.

Mr. Thornton informed the Curleys that the SBDC would be able to help them. He assured the Curley's that they would be able to obtain a loan from Bank One.

XXIX.

The last time the Curleys spoke to Mr. Thornton, he was very upset because his proposal relating to the Curley's loan application had been denied.

XXX.

In December 2003, the Curleys began working with a Small Business Administrator ("SBA") representative, Mr. Charles Achane.

XXXI.

Mr. Achane said there was no reason for Bank One to deny the Curleys' loan application.

XXXII.

Mr. Achane assisted the Curleys in preparing a business plan for submittal to Bank One.

XXXIII.

In January 2004, Mr. Achane and the Curleys submitted another loan application to Bank One.

XXXIV.

When the Curleys submitted the January 2004 loan application, it listed assets that included, but were not limited to, real estate valued at more than $600,000.00.

XXXV.

The January 2004 loan application was denied. Defendant did not, within thirty days of the January 2004 loan application, give the Curleys written notice of denial of the 2004 loan application, nor a written statement of reasons for the denial, nor a written statement that the Curleys had a right to a written statement of the reasons for denial.

7

XXXVI.

Upon information and belief, Bank One had previously provided a similar loan for another company in Lafayette. Upon information and belief, that other company was not owned by minorities.

XXXVII.

When Mrs. Curley visited Bank One to retrieve the Curleys' business plan, it was apparent that the January 2004 loan application had not been properly processed by Bank One for approval.

XXXVIII.

Mr. Achane made statements to the Curleys indicating that certain Bank One employees did not want Supreme Company to succeed because the Curleys were African Americans and they would obtain substantial profits.

XXXIX.

Bank One knew, or should have known, that its employees did not properly review the Curleys' loan applications for approval.

XL.

Bank One knew, or should have known, that its employees denied the Curleys' loan applications even though applications of similarly situated Caucasian loan applicants were approved.

XLI.

Bank One did not exercise reasonable care in supervising its employees to ensure that the Curleys' loan applications were properly reviewed for approval.

XLII.

As a result of defendant's actions as complained of herein, the Curleys have suffered a loss of business opportunities and loss of profits.

XLIII.

As a result of defendant's actions complained of herein, the Curleys have suffered a diminution in the value of the Supreme Company.

XLIV.

As a result of defendant's actions, the Curleys' business reputation has been damaged.

XLV.

As a result of defendant's actions, the Curley's have endured extreme emotional distress.

**PRAYER**

WHEREFORE, Sandra Curley and Mark Curley pray that this their Complaint be deemed good and sufficient, that this matter be tried by a jury and, after due proceedings are had, there be judgment in their favor and against Bank One, awarding the Curleys damages for their loss of business opportunities and lost profits, diminution of value of Supreme Company, damaged

business reputation and extreme emotional distress. The Curleys further pray for recovery of their attorneys' fees and costs incurred in this matter and punitive damages. The Curleys further pray for all other legal and equitable relief.

Respectfully Submitted,

**DANATUS N. KING & ASSOCIATES**

_____
Danatus N. King (#20249)
234 Loyola Avenue, Suite 604
New Orleans, Louisiana 70112
(504) 528-9700
Attorney for Sandra and Mark Curley

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SANDRA CURLEY and MARK CURLEY<br>PLAINTIFFS | * | CASE NO |
| VS. | * | SECTION " " |
| | * | MAGISTRATE |
| BANK ONE<br>DEFENDANT | * | JURY TRIAL DEMANDED |

## VERIFICATION

**BEFORE ME**, the undersigned notary, personally appeared Sandra Curley and Mark Curley, who being first duly sworn did depose and state that they have read the Complaint and the allegations of fact contained therein are true and correct.

_____ 6/20/05
SANDRA CURLEY / DATE

_____ 6/20/05
MARK CURLEY / DATE

WITNESSES:
Sign Name _Deborah Sonnier_
Print Name Deborah Sonnier

Sign Name _____
Print Name Kayla Domingue

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 20TH DAY
OF JUNE, 2005

_Sandra Kay Moscovis_
NOTARY PUBLIC

SANDRA KAY MOSCOVIS #035658
PRINT NAME / BAR NUMBER

# DANATUS N. KING & ASSOCIATES

LAW OFFICE

234 LOYOLA AVENUE, SUITE 604
NEW ORLEANS, LOUISIANA 70112
TELEPHONE: (504) 528-9700
FACSIMILE: (504) 528-9741

July 20, 2005

481-1

**VIA FEDERAL EXPRESS**

Clerk of Court
Western District of Louisiana
800 Lafayette Street, Suite 2100
Lafayette, Louisiana 70501

    Re: <u>Curly vs. Bank One</u>

Dear Clerk of Court:

    Enclosed is an original and one copy of a Complaint in the referenced matter. Please file the original and return a file stamped copy to our office in the self-addressed, postage pre-paid envelope enclosed. Also enclosed is a Civil Cover Sheet and check number 2130 in the amount of $250.00 to cover the cost of filing the pleading.

    Thank you for your assistance in this matter. With kind regards, I remain,

                              Sincerely,

                              Danatus N. King

DNK:nsk

enclosures

cc:
Mr. and Mrs. Curly ( via regular mail- w/ encl.)